■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GUY ALLEN WENDT, Appellant, v WILLIAM A. HARKNESS, as Sheriff of Rensselaer County, Respondent.—Appeal from a judgment of the County Court of Rensselaer County, entered July 30, 1975, which denied a writ of habeas corpus, without a hearing. The petitioner was convicted in the State of Florida of the crimes of larceny of an automobile, buying, receiving and concealing stolen property and breaking and entering with the intent to commit a felony. He was sentenced to 10 years in prison and, while incarcerated, escaped. Petitioner was arrested in Warren County by agents of the Federal Bureau of Investigation, was arraigned before a Federal Magistrate and lodged in the Rensselaer County Jail. Thereafter, petitioner refused to waive extradition and on January 21, 1975 the Governor of Florida signed a requisition demanding the petitioner's return to that State, and on February 13, 1975 Governor Carey issued a warrant of arrest. On March 6, 1975 petitioner made application to County Court for a writ of habeas corpus (CPL 570.24) which was denied without a hearing. This appeal ensued. Petitioner's sole contention is that the Eighth and Fourteenth Amendments to our Federal Constitution not only empower but command, in extradition proceedings, that the courts of the asylum State take proof with respect to the acts or conduct of the demanding State, as those acts or conduct relate to the constitutional rights of a prisoner, while in the custody of the demanding State, and if such proof preponderantly proves that his constitutional rights were impermissibly abridged, he should be released. We concur with the judgment of the trial court. Once it is established in a habeas corpus proceeding that the person sought to be extradited is a fugitive from justice, that demand, in due form, has been made for his return, and that he is either charged with an extraditable crime in the demanding State or has already been convicted, as herein, the court may not embark on any further inquiries and must order him returned to the demanding State. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.