■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT PERRY, Also Known as ROBERT DOMINGUES, Appellant, v ROBERT J. FLYNN, as Sheriff of Sullivan County, Respondent.—Appeal from a judgment of the County Court of Sullivan County, entered April 13, 1977, which dismissed a writ of habeas corpus after a hearing. The petitioner was convicted in the State of Louisiana of three counts of armed robbery and was sentenced on each count to 25 years in prison, each sentence to run concurrently. While there was still time remaining on his sentence, petitioner was transferred to a rehabilitation type unit at a National Guard base. He thereafter left the base, without authorization, and took up residence in New York. On November 3, 1976 he was arrested in Sullivan County and subsequently sentenced to five months incarceration on a plea of guilty to the crime of criminal possession of stolen property. On January 26, 1977 petitioner was arraigned on an extradition warrant, and on March 31, 1977 he obtained a writ of habeas corpus to determine the sufficiency of the warrant. The writ of habeas corpus was dismissed and this appeal ensued. Initially, petitioner contends that the Governor of New York improperly recognized the demand for extradition since the demand was not accompanied by an indictment, information supported by an affidavit, or an affidavit made before a Magistrate which substantially charged petitioner with a crime under the law of the demanding State. The demand was accompanied by copies of the sentences imposed on petitioner together with a statement by the executive authority of Louisiana that petitioner fled from justice and took refuge in New York. A plain reading of CPL 570.08 demonstrates that the documents required to accompany a demand for extradition are written in the disjunctive. Where extradition is sought based upon an escape from confinement, the demand need only be accompanied by a copy of the sentence together with a statement by the executive authority of the demanding State that the person claimed has escaped from confinement (CPL 570.08), The papers upon which the warrant was issued by the Governor of New York were, therefore, sufficient. At the hearing, petitioner testified that he was convicted and sentenced in Louisiana and that prior to completion of his

sentence and without authorization, he left the National Guard base and took up residence in New York. Since it has been established that petitioner is a fugitive from justice, that demand in due form has been made for his return and that he has already been convicted, this court's inquiries are complete and petitioner must be returned to Louisiana *(People ex rel. Wendt v Harkness,* 52 AD2d 678). Petitioner's remaining contentions have been considered and we find them to be without merit. Judgment affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.